Albert Raymond **RANDOLPH**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 46978.

Court of Criminal Appeals of Texas.

Nov. 28, 1973.

Rehearing Granted Feb. 27, 1974.
See 505 S.W.2d 845.

William E. Nicholas, Sinton, and Joe J. Alsup, Corpus Christi, for appellant.

Jim D. Vollers, State's Atty., and Buddy Stevens, Asst. State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

The offense is burglary; the punishment, two (2) years.

■ Ground of error number one contends that the state failed to prove the essential element of breaking. Farmer Shelburne testified that he and his "hands" put the saddles in a house which he had on his farm, that it was closed, and that when he returned the next day the door was open indicating "that there had been some pressure applied to where the door had been pushed open" and the saddles and other items were missing. As to the closing of the house prior to his departure he stated, "I don't know if they locked the door as we went out or if it was just ajar but it was closed." Later when an objection was made and an effort made by counsel to re-state his testimony this witness interrupted as follows: "I did say the doors were closed, locked was the word."

Deputy Owen investigated the loss of the saddle the next day and testified what he observed as follows:

"Q.  Was there anything actually broken about the door?

"A.  No, they just pried it, pried the lock, pried the door.

"Q.  You mean just shoved on the door until it opened?

"A.  Looked like it had been pried with a big screwdriver or something."

We hold the above evidence sufficient to establish the breaking.

■ Ground of error number two is that the evidence is insufficient because the state relied upon possession of the stolen saddles by appellant, but that such possession was not recent. Reliance is had upon the fact that the pawn shop owner testified that appellant brought him the saddles in February 1971, whereas the burglary had occurred in June 1970. This is correct, but the record further reflects that appellant's brother Pat was with him at the time he brought the saddles, and that Pat had pawned them before and had reclaimed them prior to the day appellant in Pat's company brought them to again be pawned. It thus appears from this witness that appellant and his possible co-principal Pat had possession of the stolen saddles at some time prior to February 1971.

Aside from this proof, we have the testimony of the injured party about a conversation with appellant after he had been arrested and released on bail. We quote in part:

"[Appellant] stated to me that he had possession of these saddles and he wanted to know if there was anything we could do to work out in any way possible to help clear the air of the whole situation."

and further appellant wanted to know "how much I had lost and about what it would take to kind of offset my loss".

**280**

This additional evidence takes this case out of the rule expressed in Preston v. State, 147 Tex.Cr.R. 79, 178 S.W.2d 522, and cases relied upon by appellant.

Appellant's third and fourth contentions are that the evidence is as strong against his brother Pat as it is against him, and that there is no proof of their acting together. This overlooks the pawnbroker's testimony that they came together to pawn the saddles and because of some lack of identification for Pat that appellant pawned them in his own name.

Above and beyond that which we have heretofore set forth we have the testimony of Ranger Rodriguez who stated that while armed with an arrest warrant for appellant he observed appellant drive up to the pawn shop mentioned and that when he was recognized appellant and his companion attempted to flee.

Finding no reversible error, the judgment is affirmed.